UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-cv-00170-APG-VCF |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT** |
| v. | |
| CHRISTINE MASON a/k/a CHRISTINE GOSY, | (Dkt. #12) |
| Defendant. | |

Defendant has moved to set aside the Default Judgment that was entered against her on July 25, 2013. (Dkt. #12.) Defendant asserts, among other things, that at the time the United States sought entry of that Judgment, she was unable to function as a normal healthy individual. (*Id.* at 5:23-6:8.) She contends that she had relocated across the country and struggled "with serious life issues such as divorce, family troubles, and financial hardships...." (*Id.*) Defendant also contends that she has a meritorious defense to the United States' claims, and that the United States will not be prejudiced if the entry of Default Judgment is set aside.

Under Federal Rule 60(b)(1), a court may grant relief from a default judgment in cases of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b)(1). A defendant seeking to set aside a default judgment on grounds of excusable neglect must prove each of the following three factors, known as the *Falk* factors: (1) the defendant's culpable conduct did not lead to the default; (2) the defendant has a meritorious defense; and (3) reopening the default judgment would not prejudice the plaintiff. *Employee Painters' Trust v. Ethan Enters.*, 480 F.3d 993, 1000 (9th Cir. 2007).

The court may deny the motion if the defendant fails to prove any one of the three factors. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (citing *In

*re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991)); *see also Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) ("Hence, a finding that the plaintiff will be prejudiced, or that the defendant lacks a meritorious defense, or that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment."). "The defaulting party bears the burden of showing that the factors favor setting aside the default." *Lopez v. Whirlpool*, 2012 WL 5818266, at *1 (N.D.Cal. Nov.15 2012) (citing *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)).

Defendant was personally served with the complaint at her home in Georgia on February 14, 2013. (Dkt. #4). On February 28, 2013, Defendant sent the United States Attorney's Office a letter generally denying the allegations of the complaint and stating that she was seeking counsel to represent her in this action (Dkt. #14-2.) On March 14, 2013, the United States requested entry of default and served Defendant via mail at her Georgia address. (Dkt. #6.) The Clerk of Court entered default on March 15, 2013. On June 18, 2013, the United States filed its Motion for Entry of Default Judgment and again served Defendant via mail at her Georgia address. (Dkt. #10.)

On June 21, 2013, Defendant called the United States Attorney's Office and claimed that she was not served with either the Request for Entry of Default or the Entry of Default (Dkt. #14-3.) The United States Attorney's Office confirmed Defendant's address and spoke with her about the default. (*Id.*) Defendant stated that she would respond to the Motion for Entry of Default Judgment and asked for the courthouse address (*Id.*). However, the Defendant failed to file any responsive document and the Court entered the Default Judgment against her. (Dkt. #11.) The United States Attorney's Office mailed a copy of the Default Judgment to Defendant on July 26, 2013. (Dkt. #14 at 3:8-9.) Defendant waited another six months to file her motion to set aside the Default Judgment on January 27, 2014. (Dkt. #12.)

These events demonstrate that Defendant was aware of the legal proceedings against her—and the seriousness of those proceedings—yet failed to take any steps to address them. A litigant cannot simply bury her head in the sand and ignore a lawsuit. Had Defendant timely

addressed the pending lawsuit, or requested more time to do so, a Default Judgment would not have been entered. Defendant's culpable conduct caused the entry of the Default Judgment in this case.

Moreover, the United States will be prejudiced if the Default Judgment is set aside. As explained in its Opposition, the United States' case depends on the testimony of three physicians who observed Defendant's conduct, and US Airways three supervisors who were to testify about Defendant's job duties. (Dkt. #14 at 8:11-24.) Defendant's delay in addressing this case increases the difficulties of discovery and the risk that these and other witnesses will forget important details. That prejudice further justifies denying Defendant's motion to set aside the Default Judgment.[1]

Based on the foregoing, it is ordered that the Defendant's Motion to Set Aside Entry of Default Judgment (Dkt. #12) is denied.

Dated: May 13, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Given Defendant's failure to sustain her burden on two of the *Falk* factors, the Court need not reach the remaining *Falk* factor: whether Defendant has a meritorious defense. Even a cursory review of that factor reveals that Defendant offers only general denials of the evidence supporting the United States' case, and does not address her inconsistent and apparently misleading representations and actions. *See, e.g.,* Dkt. #14 at 5:23-7:2.